FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF SANTA FE

Case No. D-0101-CV-02009- 02968

ROBERT L. DOYON,

    Plaintiff,

vs.

MICHAEL JACOBS and RUBY HANDLER JACOBS, individually,
and doing business as NO STONE UNTURNED SECURITY AND
INVESTIGATIVE SERVICES

    Defendants.

ENDORSED
First Judicial District Court

SEP 1 0 2009

Santa Fe, Rio Arriba &
Los Alamos Counties
PO Box 2268
Santa Fe, NM 87504-2268

## COMPLAINT TO RECOVER DAMAGES
## FOR VIOLATION OF WAGE LAWS AND RETALIATORY TERMINATION

The plaintiff, Robert L. Doyon, by and through his undersigned attorneys, states his Complaint as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. The plaintiff, Robert L. Doyon (Doyon) is a resident of Santa Fe County, State of New Mexico.

2. The defendants Michael Jacobs and Ruby Handler Jacobs (collectively the Jacobs) are, upon information and belief, residents of Bernalillo County, New Mexico.

3. Upon information and belief the defendants are the owners of an unincorporated business known as "No Stone Unturned Security and Investigative Services" (NSA) which conducted business in New Mexico, including Santa Fe County, at all relevant times.

4. The Court has jurisdiction over the subject matter of this case and personal jurisdiction over the parties. Venue is proper in Santa Fe County.

EXHIBIT
A

5. On or about August 30, 2008, Doyon began employment as a security guard at NSA. The Jacobs agreed to pay Doyon at an hourly rate of ten dollars ($10.00) per hour.

6. Doyon was employed by the Jacobs as a security guard from approximately August 30, 2008, until approximately November 1, 2008, when the Jacobs terminated Doyon's employment because Doyon demanded payment of overtime wages owed to him.

7. Immediately following the Jacob's termination of Doyon's employment, Doyon, demanded that the Jacobs pay him, at the place designated for payment, wages for 108 hours of work performed between October 19, 2008, and November 1, 2008

8. Although the Jacobs conceded that Doyon was owed wages for 108 hours of work between October 19, 2008, and November 1, 2008,, the Jacobs refused to pay Doyon wages for those hours unless Doyon first signed an agreement under which he would relinquish any claim to recover unpaid overtime. Doyon refused to sign such an agreement.

9. The Jacobs finally paid Doyon the amount of $1,080, for 108 hours of work between October 2008 and November 1, 2008, following a hearing before the New Mexico Department of Workforce Solutions, but did not pay any overtime. The payment was made more than sixty days after the date those wages were due.

10. To date the Jacobs have failed and refused to pay overtime compensation to Doyon for approximately 117 hours of overtime which Doyon worked between September 10, 2008, and November 1, 2008.

## COUNT I
## VIOLATION OF SECTIONS 50-4-4 and 50-4-7 NMSA 1978

11. Doyon incorporates all foregoing allegations by reference.

12. Pursuant to Section 50-4-4 NMSA 1978, the Jacobs were required to pay Doyon his unpaid wages within five days of the date of his discharge, or, if Doyon had resigned as contended by the Jacobs, within ten days of the date of discharge.

13. Pursuant to Section 50-4-7 NMSA 1978, the Jacobs were required to pay Doyon the wages which the Jacobs conceded were owed, without condition.

14. The Jacobs violated Sections 50-4-4 and 50-4-7 NMSA 1978 by failing to unconditionally pay Doyon wages which the Jacobs conceded were owed to Doyon within sixty days of the date payment was due.

15. Pursuant to Sections 50-4-7(C) NMSA 1978, the Jacobs are liable to pay Doyon his wages for a period of sixty days following the date payment of wages was due to him.

WHEREFORE, Doyon requests the Court enter judgment against the Jacobs, jointly and severally, in an amount equal to Doyon's wages for a period of sixty days of wages, costs and attorneys' fees, and such other and further relief as is just and proper.

## COUNT II
## VIOLATION OF SECTION 50-4-22 NMSA 1978

16. Doyon incorporates all foregoing allegations by reference.

17. The Jacobs were Doyon's employer within the meaning of Section 50-4-21(B) NMSA 1978.

18. Doyon was an employee of the Jacobs and NSA within the meaning of Section 50-4-21(C) NMSA 1978.

19. The Jacobs violated Section 50-4-22 NMSA 1978, by failing to pay Doyon overtime compensation for 117 hours worked by Doyon between September 10, 2008, and

November 1, 2008. Doyon is owed $585.00 in overtime compensation.

20. Pursuant to Section 50-4-26(C) NMSA 1978, the Jacobs are liable to Doyon for Doyon's unpaid overtime compensation, plus interest, plus an additional amount equal to twice the amount of the unpaid overtime compensation.

21. Pursuant to Section 50-4-26(E) NMSA 1978, the Jacobs are liable to Doyon for his costs and attorney fees incurred in connection with this action.

WHEREFORE, Doyon requests the Court enter judgment against the Jacobs, jointly and severally, in the amount of the unpaid overtime compensation, interest on the unpaid overtime compensation from the date payment was due until the date of judgment, an amount equal to twice the unpaid overtime compensation, for his costs and attorneys' fees, and such other and further relief as is just and proper.

## COUNT III
## VIOLATION OF 29 U.S.C. § 207(a)

22. Doyon incorporates all foregoing allegations by reference.

23. The Jacobs were Doyon's employer within the meaning of 29 U.S.C. § 203(d).

24. Doyon was an employee of the Jacobs and NSA within the meaning of 29 U.S.C. § 203(e).

25. The Jacobs violated 29 U.S.C. § 207(a) by failing to pay Doyon overtime compensation for 117 hours worked by Doyon between September 10, 2008, and November 1, 2008. Doyon is owed $585.00 in overtime compensation.

26. Pursuant to 29 U.S.C. § 216(b) the Jacobs are liable to Doyon for Doyon's unpaid overtime compensation, plus interest, plus liquidated damages equal to the amount of the unpaid

4

compensation.

27. Pursuant to 29 U.S.C. § 216(b), the Jacobs are liable to Doyon for his costs and attorney fees incurred in connection with this action.

WHEREFORE, Doyon requests the Court enter judgment against the Jacobs, jointly and severally, in the amount of the unpaid overtime compensation, interest on the unpaid overtime compensation from the date payment was due until the date of judgment, a sum of liquidated damages equal to the amount of unpaid overtime compensation, for his costs and attorneys' fees, and such other and further relief as is just and proper.

## COUNT IV
## RETALIATORY DISCHARGE

28. Doyon incorporates all foregoing allegations by reference.

29. The Jacobs discharged Doyon in retaliation for his asserting his rights under the New Mexico Minimum Wage Act, and the Fair Labor Standards Act.

30. Doyon's assertion of his rights under the New Mexico Minimum Wage Act, and the Fair Labor Standards Act was an act encouraged by the public policy of the State of New Mexico.

31. The Jacobs' discharge of Doyon violated Section 50-4-26.1 NMSA 1978.

32. As a direct and proximate result of the Jacobs' retaliatory discharge of Doyon, Doyon has suffered injury and damages, including but not limited to damages for economic loss and emotional pain and suffering.

33. The Jacobs' discharge of Doyon was intentional and with reckless disregard of Doyon's rights.

WHEREFORE, Doyon requests an award of compensatory damages in an amount to be proven at trial, an award of punitive damages and such other and further relief as the Court deems proper.

Respectfully submitted,

SOMMER, UDALL, HARDWICK, & HYATT, P.A.,

Attorneys for Plaintiff,

By: _____
Jack Hardwick
P.O. Box 1984
Santa Fe, New Mexico 87504-1984
(505) 982-4676

FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF SANTA FE

Case No. D-0101-CV-02009- 02968

ROBERT L. DOYON,

        Plaintiff,

vs.

MICHAEL JACOBS and RUBY HANDLER JACOBS, individually,
and doing business as NO STONE UNTURNED SECURITY AND
INVESTIGATIVE SERVICES

        Defendants.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:   Michael Jacobs, individually and doing business as
No Stone Unturned Security and Investigative Services
6608 Gulton NE, Suite C
Albuquerque, New Mexico 87109

*800 Calle Devina NE*

GREETINGS:

    You are hereby directed to serve a pleading or motion in response to the Complaint within 30 days after service of the Summons, and file the same, all as provided by law.

    You are notified that, unless you so serve and file a responsive pleading or motion, the Plaintiff(s) will apply to the Court for the relief demanded in the Complaint.

Attorney or Attorneys for Plaintiff:   Sommer, Udall, Hardwick & Hyatt, PA
                                            Jack N. Hardwick
Address:                               P.O. Box 1984
                                            Santa Fe, NM 87504-1984

**DANIEL A. SANCHEZ**

WITNESS THE Honorable _____, District Judge of said Court of the State of New Mexico, and the seal of the District Court of said County, this 10th day of September, 2009.

                                          STEPHEN T. PACHECO
                                          District Court Clerk

                                          By:_____
                                              Deputy

STATE OF NEW MEXICO      )
                         ) ss.
COUNTY OF _____ )

    I, being duly sworn, on oath, say that I am over the age of 18 years and not a party to this lawsuit, and that I served the within Summons in said County on the ____ day of _____, 2009, by delivering a copy thereof, with copy of **Complaint to Recover Damages for Violation of Wage Laws and Retaliatory Termination** attached, in the following manner:

(Check one box and fill in appropriate blanks)

____ To Defendant _____ (used when Defendant receives copy of Summons, or refuses to receive Summons.)

____ To _____, a person over 15 years of age and residing at the usual place of abode of Defendant _____, who at the time of such service was absent therefrom.

____ To _____, an agent authorized to receive service of process for Defendant _____.

____ To _____, (parent) (guardian) of Defendant _____ (used when Defendant is a minor or an incompetent person.)

____ To _____, _____.
     name of person     title of person authorized to receive service
(used when Defendant is a corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision.)

Fee:
                                         _____
                                         Signature of Person Making Service

*SUBSCRIBED AND SWORN to before me this ____ day of _____, 2009.

                                         _____
                                         Judge, Notary or Other Officer
                                         Authorized to Administer Oaths

My commission expires:

---
*If service is made by the sheriff or a deputy sheriff of a New Mexico County, the signature of the sheriff or deputy sheriff need not be notarized.